

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom C. King
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-1480
Re: Validity of old age assistance
warrants held by investors.

We are pleased to comply with your request for our opinion on the
following question submitted by your letter of September 22nd:

"If a financial institution or investor should buy $150,000.00
old age assistance warrants from receipients of old age as-
sistance. or the holders of such warrants, and hell them in
his/its portfolio, would such holding in any manner affect the
legality of the instruments as an obligation of the state
prior to the running of the statute of limitation on state
warrants?"

As you point out in your letter, Article 4371, Revised Civil Statutes
of Texas, 1925, as amended, Acts 1931, 42nd Legislature, p. 396,
Chapter 242, § 1, provides:

"The Treasurer shall contersign and pay all warrants drawn
by the Comptroller cn the Treasury which are authorized by
Law. No money shall be paid out of the Treasury except on
the warrants of the Comptroller, and no warrant shall be
paid by the Treasurer unless presented for payment within
two years from the close of the fiscal year in which such
warrant was issued, but claims for the payment of such
warrants may be presented to the Legislature for appropri-
ations to be made from which such claims may be paid."

Old age assistance warrants issued against the "State Department of Public
Welfare Fund" under authority of Senate Bill No. 36, Acts 1939, 46th
Legislature, are unquestionably valid obligations of the State payable out
of said fund. Such warrants are transferable, though not negotiable.
Their validity cannot be in anyway affected by the fact that they may be
transferred to investors and held by them so long as they are presented to
the State Treasurer for payment "within two years from the close of the
fiscal year" in which such warrants are issued. Nor is such warrant
holder's security of payment impaired for failure to present such
warrants promptly to the Treasurer for payment. Article 4386, Revised
Civil Statutes, controls the payment of these warrants and provides that:

". . . in the event of a question and necessity arising as
to the priority of payment of any such warrants, they shall
be paid in order of their serial number . . ."

In accordance with this Article the Treasurer is required to maintain
in any fund out of which outstanding warrants are payable, sufficient
money to pay such outstanding warrants at all times, before he may pay
other warrants bearing a subsequent serial number.  See Williamson
vs. Franklin County, 94 S. W. (2d) 1190.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/  Walter R. Koch

By
    Walter R. Koch
       Assistant

WRK:N/ldw

APPROVED SEP. 25, 1939
s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN